IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) No. CR-24-66-F ) |
| STANLEY MARK SMITH, | ) Violation: 15 U.S.C. § 1 ) |
| Defendant. | ) |

### INFORMATION

The United States Attorney charges:

### COUNT 1
**(Conspiracy to restrain trade)**

I.

#### DESCRIPTION OF THE OFFENSE

1. Stanley Mark Smith is hereby charged and made a defendant on the charge contained in this Information.

2. Beginning at least as early as March of 2017 and continuing until as late as April of 2023, the exact dates being unknown to the United States, in the Western District of Oklahoma and elsewhere, the defendant and co-conspirators knowingly entered into and engaged in a conspiracy to suppress and eliminate competition by allocating contracts, rigging bids, and raising and maintaining prices for contracts for erosion control products and services, including solid slab sodding. The conspiracy engaged in by the defendant and his co-conspirators was a *per se* unlawful, and thus unreasonable,

restraint of interstate trade and commerce in violation of Section 1 of the Sherman Act (15 U.S.C. § 1).

## II.

## MEANS AND METHODS OF THE CONSPIRACY

3. For the purpose of forming and carrying out the charged conspiracy, the defendant and his co-conspirators did those things that they conspired to do, including, among other things:

   a. engaged in discussions and attended meetings concerning projects for, and prices of, erosion control products and services, including solid slab sodding, in the Western District of Oklahoma and elsewhere;

   b. agreed during those discussions and meetings to allocate bids for erosion control contracts based on geographic delineations within the state of Oklahoma, as well as other criteria discussed in advance of bid "letting" dates, or bid submission deadlines;

   c. agreed during those discussions and meetings not to compete for erosion control contracts by either submitting intentionally high-priced bids for jobs allocated to a different company or by declining to submit bids for such jobs altogether;

   d. agreed during those discussions and meetings to raise and maintain prices for solid slab sodding and other line items in erosion control contracts;

e. discussed and exchanged prices submitted to prime contractors for erosion control contracts so as not to undercut one another's prices;

f. provided erosion control products and services in the Western District of Oklahoma and elsewhere through erosion control contracts awarded at collusive and noncompetitive prices;

g. accepted payment for erosion control products and services provided under contracts awarded at collusive and noncompetitive prices; and

h. took steps to conceal co-conspirator communications in furtherance of the conspiracy.

## III.

## BACKGROUND

4. Erosion control means any method to eliminate, reduce, or mitigate the movement, transportation, or runoff of soil, rock, sediment, or other earthen materials due to natural forces such as wind or water, including through the installation of sod, compost, mulch, or other vegetative barriers, and seeding with grass, wildflowers, and other groundcovers. The meaning of the term also includes any other meanings generally understood in the transportation, construction, or landscaping industries. Erosion control products and services, including the use of solid slab sodding, are often incorporated into contracts with federal, state, and local governments for publicly funded projects including but not limited to highway construction and repair.

IV.

## DEFENDANT AND CO-CONSPIRATORS

5. During the period covered by this Information, the defendant was a part-owner and vice president with Company D. During the period covered by this Information, Company D was a corporation organized and existing under the laws of Oklahoma with its principal place of business in Claremore and Catoosa, Oklahoma. During the period covered by this Information, Company D was an erosion control company and was engaged in providing erosion control products and services, including solid slab sodding, in the Western District of Oklahoma and elsewhere.

6. Various corporations and individuals, not made defendants in this Information, participated as co-conspirators in the offense charged herein and performed acts and made statements in furtherance thereof.

7. Whenever in this Information reference is made to any act, deed, or transaction of any corporation, the allegation means that the corporation engaged in the act, deed, or transaction by or through its officers, directors, agents, employees, or other representatives while they were actively engaged in the management, direction, control, or transaction of its business or affairs.

V.

## TRADE AND COMMERCE

8. During the period covered by this Information, the defendant, Company D, and their co-conspirators placed bids for erosion control products and services with prime contractors that operated both in Oklahoma and in states outside of Oklahoma, which

affected interstate trade and commerce. Furthermore, during the period covered by this Information, many of the projects the defendant, Company D, and their co-conspirators bid on used federal funding, including funding from the U.S. Department of Transportation. These federal funds were in the flow of interstate trade and commerce. Finally, during the period covered by this Information, the defendant, Company D, and their co-conspirators used substantial quantities of equipment and supplies necessary to provide erosion control products and services, including trucks to transport erosion control supplies to job sites, which traveled on interstate roads and highways.

9. During the period covered by this Information, the business activities of the defendant and his co-conspirators that are the subject of this Information were within the flow of, and substantially affected, interstate trade and commerce.

ALL IN VIOLATION OF TITLE 15, UNITED STATES CODE, SECTION 1.

_/s/ Jonathan Kanter_
JONATHAN KANTER
Assistant Attorney General

_/s/ James J. Fredricks_
JAMES J. FREDRICKS
Chief, Washington Criminal II Section

_/s/ Bethany Lipman_
BETHANY LIPMAN
MATTHEW GRISIER
MARC HEDRICH
Trial Attorneys
Antitrust Division
U.S. Department of Justice
Washington Criminal II Section
450 5th Street, NW
Washington, D.C. 20530
202-297-9664
Bethany.Lipman@usdoj.gov

Antitrust Division
U.S. Department of Justice

ROBERT J. TROESTER
United States Attorney

_/s/ William E. Farrior_
WILLIAM E. FARRIOR
Assistant United States Attorney
United States Attorney's Office
Western District of Oklahoma
210 Park Avenue, Suite 400
Oklahoma City, OK 73102
405-553-8754
William.Farrior@usdoj.gov